IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| BRANCH BANKING & TRUST COMPANY, as successor-in-interest to the Federal Deposit Insurance Corporation, as receiver for Colonial Bank, | : : : : : : | |
| Plaintiff, | : : | |
| v. | : : | CIVIL ACTION No. 5:12-CV-457 (CAR) |
| POPLAR DEVELOPMENT COMPANY, LLC; RAHIL KAZI; DAVID D. THOMPSON; G. SCOTT THOMPSON; GATEWAY/75, LLC; and 490 POPLAR PARTNERS, LLC, | : : : : : : | |
| Defendants. | : : | |

## ORDER ON MOTION FOR DEFAULT JUDGMENT

Plaintiff Branch Banking & Trust Company, as successor-in-interest to the Federal Deposit Insurance Company, as receiver for Colonial Bank, ("BB&T") filed the instant action on November 19, 2012, seeking to recover unpaid principal, interest, and attorney's fees on a promissory note executed by Defendant Poplar Development Company, LLC ("Poplar Development"). All other Defendants, including 490 Poplar Partners, LLC ("Poplar Partners"), "[j]ointly and severally unconditionally and irrevocably" guaranteed the note, which totaled $3,055,563.53 as of November 16, 2012, with interest and attorney's fees that continue to accrue in the amount of $445.12 per

day.[1] Poplar Partners was served with process through its registered agent, Defendant G. Scott Thompson, but failed to answer or otherwise respond. Now, after entry of default, BB&T moves the Court to enter default judgment against Poplar Partners. Having considered this request and binding precedent, BB&T's Motion for Default Judgment [Doc. 27] is **DENIED WITHOUT PREJUDICE** as premature.

## DISCUSSION

Generally, district courts have the authority to enter default judgment against a defendant who fails to answer or otherwise defend on the basis of a plaintiff's well-pled complaint.[2] This general rule, however, is not without exception. In *Frow v. De La Vega*,[3] the United States Supreme Court held that in cases involving more than one defendant, a judgment should not be entered against a defaulting party alleged to be jointly liable until the matter has been adjudicated with regard to all defendants.[4] Although some circuits only apply *Frow* in cases of joint liability, in this circuit, it is "sound policy" to refrain from ruling "when defendants are similarly situated, but not jointly liable."[5] This principle avoids inconsistent judgments and affirms the Eleventh Circuit's "strong

---

[1] BB&T Compl. at ¶ 22 [Doc. 1 at 6].
[2] *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987).
[3] 82 U.S. 552 (1872).
[4] *Id.* at 554.
[5] *Gulf Coast Fans, Inc. v. Midwest Elecs. Imps., Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984). *But see Whelean v. Abell*, 953 F.2d 663, 674 (D.C. Cir. 1992) (narrowly construing *Frow*); *Frazetta v. Turner & Newall, Ltd.*, 797 F.2d 151, 154 (3d Cir. 1986) (interpreting *Frow* to preclude only logically inconsistent judgments); *In re Uranium Antitrust Litig.*, 617 F.2d 1248, 1257 (7th Cir. 1980) (refraining from applying *Frow* where different results as to different parties are not logically inconsistent).

preference that cases be heard on the merits."[6]  Thus, if a plaintiff prevails against the non-defaulting defendants, it is then entitled to judgment against the defaulting as defendant as well.[7]  Conversely, if the non-defaulting parties prevail, in most cases, the judgment will accrue to the defaulting defendant.[8]

In the instant case, BB&T seeks an award of damages for breach of guarantee against Poplar Partners and four other guarantors who are jointly and severally liable for the entire unpaid amount of the promissory note.  BB&T also seeks attorney's fees against all Defendants.  Thus, entering default judgment against Poplar Partners raises the possibility of inconsistent judgments should the non-defaulting guarantors and Poplar Development successfully defend against BB&T's claims.  Accordingly, BB&T's Motion for Default Judgment is denied without prejudice as premature.  BB&T may file a renewed motion for default judgment after the case is resolved against the remaining defendants.

## CONCLUSION

For the reasons set forth above, BB&T's Motion for Default Judgment [Doc. 27] is **DENIED WITHOUT PREJUDICE** as premature.  BB&T may file a renewed motion for default judgment after the case is resolved against the remaining, non-defaulting defendants.  The Clerk's entry of default remains pursuant to Federal Rule of Civil

---

[6] *See Owens v. Benton*, 190 F. App'x 762, 763 (11th Cir. 2006).
[7] *Frow*, 82 U.S. at 554.
[8] *Id.*

Procedure 55(a).

**SO ORDERED,** this 29th day of May, 2013.

<u>S/ C. Ashley Royal</u>
C. ASHLEY ROYAL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

BBP/lmh